A90A0683. LANGHAM v. THE STATE.
A90A0769. BETTERSON v. THE STATE.
A90A0803. BETHEA v. THE STATE.
(395 SE2d 345)

CARLEY, Chief Judge.
Appellants were indicted for possession of more than 28 grams of cocaine. In addition, appellant Betterson was indicted for possession of a firearm during the commission of a felony. Appellants were jointly tried before a jury and verdicts of guilty were returned. The trial court entered judgments of conviction and sentences on the jury's verdicts and appellants filed separate notices of appeal. Since the three appeals raise related enumerations of error, they are hereby consolidated for appellate disposition in this single opinion.

1. Over appellant Betterson's chain of custody objection, the trial court admitted into evidence the 928 grams of pure cocaine seized from the motel room she had rented. She enumerates this evidentiary ruling as error.

The chain of custody objection was premised upon the fact that the investigating officers had seized and inventoried seven bricks or slabs of rock cocaine, but that the cocaine that was proffered for admission into evidence at trial was in the form of smaller crumbled pieces. However, there was no material discrepancy in the weight or color and there was no physical indication that the evidence bags had been improperly opened and resealed. See *Richards v. State,* 189 Ga. App. 146, 147 (1) (375 SE2d 278) (1988). A witness from the State

Crime Lab gave an explanation for the crumbled appearance of the rock cocaine in the bags. There being, at most, bare speculation of tampering or substitution, the trial court correctly admitted the cocaine into evidence. *Johnson v. State*, 143 Ga. App. 169, 170 (1) (237 SE2d 681) (1977).

2. Appellants enumerate the general grounds. The evidence would authorize the following findings: Appellant Betterson drove from Florida to a motel in Dougherty County, Georgia, in a car that was owned by appellant Langham. Appellants Langham and Bethea followed in a rental car leased by appellant Betterson. Appellant Betterson checked into Room 235 under her own name, while appellant Langham checked into Room 240 under a false name. Acting on a tip from a confidential informant, the Dougherty County Sheriff's Department placed the two rooms under surveillance and obtained a search warrant. When the warrant was executed, all three appellants were in the room rented by appellant Langham under a false name. In appellant Betterson's purse was found the key to Room 235, as well as an automatic pistol. In Room 235, the cocaine was found in plain sight on the bed. The surveillance team members testified that both appellants Langham and Bethea moved freely between the two rooms at periodic intervals, and walked the motel corridors as if on the lookout.

The undisputed evidence that appellant Betterson had in her purse the key to the locked motel room containing the cocaine is sufficient circumstantial evidence to authorize a rational trior of fact to find that she had actual possession of the contraband, in that she exercised "direct physical control" over it. *Evans v. State*, 167 Ga. App. 396, 397 (1) (306 SE2d 691) (1983). As to appellants Langham and Bethea, the evidence authorized a finding of their participation in the crime of trafficking with knowledge and intent. " '[T]he case is controlled by the well established principle that knowledge or scienter may be proved, like any other fact, by circumstantial evidence. (Cits.) Even though knowledge [was denied by appellants Langham and Bethea], the jury would be authorized to return a verdict of guilty based on the circumstances of the case. (Cits.)' [Cit.] The evidence supports a finding that [appellants Langham and Bethea participated] with 'guilty knowledge' that [appellant Betterson possessed the cocaine]. [Cit.]" *Garrett v. State*, 160 Ga. App. 877, 878 (1) (288 SE2d 592) (1982).

The evidence authorized a finding beyond a reasonable doubt that the three appellants had joint actual possession of the cocaine. *Riley v. State*, 191 Ga. App. 781, 782 (1) (383 SE2d 172) (1989); *Cochran v. State*, 190 Ga. App. 884, 886 (1) (380 SE2d 319) (1989). Accordingly, the enumeration of the general grounds is without merit.

3. In its instructions to the jury, the trial court referred to OCGA

§ 16-13-31 (a) (1) in its entirety. As the indictment had alleged only trafficking by possession, appellants enumerate this jury instruction as error.

"A new trial will not usually be granted if the court charges an entire statute or code provision even though a part may be inapplicable to the case at bar. 'However, it is reversible error to instruct the jury that an offense may be committed in more than one manner where only one manner is alleged in the indictment *and* no remedial instructions are given to limit the jury's consideration to that particular manner.' [Cit.]" (Emphasis supplied.) *Cauthen v. State*, 177 Ga. App. 565, 567 (4) (340 SE2d 199) (1986). Any error in the reference to OCGA § 16-13-31 (a) (1) in its entirety was cured when the trial court subsequently instructed the jury that it would be authorized to convict appellants only upon a finding of actual possession, sole or joint, or as a party to the crime of actual possession.

*Judgments affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 12, 1990 —
REHEARING DENIED JUNE 21, 1990 — CERT. APPLIED FOR.

*Thomas M. West*, for appellants (case nos. A90A0683 and A90A0803).

*Richard L. Hodge*, for appellant (case no. A90A0769).

*Britt R. Priddy, District Attorney, John L. Tracy, Assistant District Attorney*, for appellee.

