A90A0557. BROCK v. THE STATE.
(396 SE2d 785)

POPE, Judge.

Appellant Jerry Brock was convicted of aggravated assault on a police officer, use of fighting words and obstruction of a police officer. The convictions arose out of an incident that occurred on August 26, 1986. Officer Thomas, a uniformed Clarke County Police Department officer, investigated a complaint that a juvenile was driving in a reckless manner. He found the car described in the complaint parked at a lawnmower shop. There he talked with defendant Brock, who was with the car and who denied that anyone had been driving it. He was belligerent and told the officer to mind his own business. Officer Thomas testified that Brock's attitude caused him to take the precaution of calling for backup as he completed his check of the car. Although he noted that the tires on the car were slick with no tread visible, Officer Thomas did not write a citation because the car was parked. Officer Thomas concluded his encounter with Brock and went to the complainant's house to explain what he had done. As he returned to his car, he saw Brock drive by. Officer Thomas got in his car, activated his squad car blue lights and attempted to stop Brock for the offense of driving with slick tires (defective equipment, OCGA § 40-8-7).

Brock ignored the officer and pulled into his driveway; the officer pulled in behind him, got out and asked Brock for his driver's license and proof of insurance. Instead, Brock started walking to his house, telling Officer Thomas to get out of his yard, that he had not done anything. Officer Thomas repeated his request two or three times and Brock continued to ignore him and head for his house. Just as Brock reached the doorway, Officer Thomas reached Brock, placed a hand on Brock's arm and told him that he was under arrest. Brock swung at the officer and tried to push him off the porch. Officer Thomas responded by hitting Brock in the side with his nightstick. Brock broke away into the house and the two men continued fighting, with Brock cursing Officer Thomas, who is black, and calling him "nigger." During the fight, the officer lost his radio, but did get to the phone

and called 911 and requested help. He left the phone off the hook and the rest of the altercation was recorded at the 911 communications center. In the course of the fight, Brock swung at the officer with a floor fan and a dining room chair. When help arrived, Brock was finally subdued, but not before Brock's son hit Officer Thomas with a screen door that had been dislodged in the fight.

1. Brock maintains that his arrest was unlawful. He argues that a police officer is not allowed to make a custodial arrest for a traffic or motor vehicle violation, but rather must issue the offender a citation. He bases this argument upon OCGA § 17-4-23 (a) which reads in pertinent part: "A law enforcement officer may arrest a person accused of violating any law or ordinance governing the operation, licensing, registration, maintenance or inspection of motor vehicles by the issuance of a citation, provided the offense is committed in his presence . . . ." Officer Thomas initially tried to give Brock a citation for the misdemeanor offense of having defective equipment on his car (slick tires), a violation of OCGA § 40-8-7. However, when Brock ignored him, Officer Thomas sought to effect a custodial arrest. The question raised is whether a police officer is restricted to making an arrest for a traffic violation solely by means of a citation or does OCGA § 17-4-23 (a) simply provide police an alternative to custodial arrest for such violations. We hold that OCGA § 17-4-23 (a) simply gives police the discretion to write a citation but does not preclude physical arrest. OCGA § 17-4-20 permits a police officer to make a warrantless arrest for a crime committed in his presence. This power extends to misdemeanor offenses. *King v. State*, 161 Ga. App. 382 (1) (288 SE2d 644) (1982). The language of OCGA § 17-4-23 (a) that an officer "may arrest" for a traffic violation by means of a citation clearly is discretionary. For the convenience of the motoring public and the police, the Code section gives the officer the option of issuing a citation rather than going through the time-consuming ordeal of a custodial arrest. It does not mandate a citation.

The 11th Circuit Court of Appeals reached the same conclusion in the case of *United States v. Wilson*, 853 F2d 869, 871-873 (11th Cir. 1988). In that case, Wilson was arrested for driving with a suspended license. A subsequent search revealed drugs. The court rejected Wilson's argument that the search was unreasonable because his custodial arrest was unlawful due to the provisions of OCGA § 17-4-23 (a). After reviewing the statutory scheme of arrests, that court concluded, as we do, that OCGA § 17-4-23 (a) gives a police officer the option to issue a citation but does not restrict the power given to police in OCGA § 17-4-20 to make custodial arrests for crimes committed in their presence.

2. Brock argues that his arrest was unlawful because it was a warrantless seizure that occurred in his home in violation of the Fourth

Amendment to the Constitution of the United States. We disagree. The evidence shows that Brock committed the violation of driving with defective equipment in Officer Thomas' presence. When Officer Thomas first tried to issue a citation for the offense in the yard, Brock ignored him and retreated toward his house, where Officer Thomas caught him in the doorway. " 'Absent exigent circumstances or consent, an entry into a private dwelling to conduct a search or effect an arrest is unreasonable without a warrant.' *Thompson v. State*, 248 Ga. 343 (1) (285 SE2d 685) (1981), citing *Steagald v. United States*, 451 U. S. 204, 214, n. 7 (101 SC 1642, 68 LE2d 38) (1981). However, 'a suspect may not defeat an arrest which has been set in motion in a public place . . . by the expedient of escaping to a private place.' *United States v. Santana*, 427 U. S. 38, 43 (96 SC 2406, 49 LE2d 300) (1976). Since the arrest of [Brock] in [his] house was based upon Officer [Thomas'] "hot pursuit" of the subject, such arrest was a lawful activity. See *Martasin v. State*, 155 Ga. App. 396 (2) (271 SE2d 2) (1980); Annot., 76 ALR2d 1432 § 2b." (Punctuation omitted.) *Brown v. State*, 163 Ga. App. 209 (1), 210 (294 SE2d 305) (1982) (cert. dismissed, 459 U. S. 1166) In *United States v. Santana*, supra, the U. S. Supreme Court held that a person standing in the open doorway of her house was in a public place subject to arrest by police upon probable cause and without violating the Fourth Amendment. Id. at 42. The arrest made by Officer Thomas was lawful.

3. Because Brock's enumerations 2, 3 and 4 are based upon the premise that the arrest was unlawful and his actions of violently resisting arrest were justified, and we have held in Divisions 1 and 2 that the arrest was legal, it follows that these enumerations are without merit.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

Decided July 6, 1990 —<br>Rehearing denied July 30, 1990 — Cert. applied for.

*Henry & Pearson, J. Hue Henry*, for appellant.
*Harry N. Gordon, District Attorney, Richard J. Weaver, Assistant District Attorney*, for appellee.