## A91A0589. POLK v. THE STATE.
### (406 SE2d 548)

COOPER, Judge.

Appellant was charged with possession of cocaine with intent to distribute and possession of a firearm during the commission of a felony. After the trial court denied appellant's motion to suppress evidence, appellant pled guilty to the lesser included offense of possession of cocaine, specifically reserving his right to appeal the trial court's ruling on the motion to suppress. Appellant now raises, as his sole enumeration of error, the trial court's denial of the motion to suppress.

The evidence adduced at the motion to suppress hearing reveals that officers of the Americus Police Department had placed appellant and another suspect under surveillance based upon information received from an informant that appellant and the other individual had recently purchased a kilo of crack cocaine in Florida. A search warrant for the residence of the other suspect was being prepared when appellant left the residence in his automobile. One of the officers followed appellant's vehicle and observed him commit three traffic violations, including backing into a roadway, changing lanes without signal or warning, and turning without signal or warning. When appellant's vehicle was stopped, the officers noticed a handgun lying on the passenger seat of the vehicle within reach of appellant. Appellant was arrested for the traffic infractions and taken into custody, allegedly because the officers were concerned that appellant would disrupt the execution of the search warrant. Appellant was searched at the police station, incident to the custodial arrest, and three bags of cocaine were discovered on his person. It is appellant's contention that the search of his person was unlawful because it was made pursuant to a warrantless arrest without probable cause.

The police officer's decision to stop appellant for the commission

of traffic violations was not unlawful merely because the officer suspected that appellant had committed or was committing other crimes. What is important is that the stop of appellant's vehicle was valid independent of the police officer's suspicion regarding drugs. *State v. McCloud*, 187 Ga. App. 580, 583 (370 SE2d 831) (1988). "A rule requiring a law enforcement officer to *forego* making a traffic stop which he would otherwise be authorized to make merely because he suspects that the vehicle might be engaged in the transport of illicit drugs would have little to commend it, and we have previously declined the invitation to create such a rule. [Cits.]" *Williams v. State*, 187 Ga. App. 409 (1) (370 SE2d 497) (1988).

Appellant's arrest without a warrant for the commission of traffic offenses was authorized pursuant to the provisions of OCGA § 17-4-20 (a) because appellant had committed three misdemeanors in the presence of a police officer. Although the officer could have simply issued citations charging appellant with these traffic offenses, he was not required to do so. "OCGA § 17-4-23 (a) gives a police officer the option to issue a citation but does not restrict the power given to police in OCGA § 17-4-20 to make custodial arrests for crimes committed in their presence." *Brock v. State*, 196 Ga. App. 605 (1) (396 SE2d 785) (1990).

Once appellant was placed under custodial arrest, the police were authorized to search his person for weapons or contraband incident to that arrest. *Paxton v. State*, 160 Ga. App. 19 (1) (285 SE2d 741) (1981). Thus, the trial court did not err in denying appellant's motion to suppress.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 10, 1991.

*Ellis, Easterlin, Peagler & Gatewood, John V. Harper*, for appellant.

*John R. Parks, District Attorney*, for appellee.

