## A91A0888. BAKER v. THE STATE.
(413 SE2d 251)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of possession of cocaine and of three traffic violations. She appeals from the judgments of conviction entered by the trial court on the jury's verdicts of guilt.

1. After appellant was stopped for speeding and for running a stop sign, she produced a valid driver's license. However, she was unable to produce proof of current liability insurance and the registration sticker on the vehicle she was driving had expired. Appellant was taken into custody for the various traffic offenses and booked. During an inventory search of her purse at the police station, a small vial containing a residue of white powder was discovered and seized. This substance tested positive for cocaine and was the basis for appellant's subsequent indictment for possession of cocaine. Appellant filed a pre-trial motion to suppress any evidence seized as a result of the inventory search of her purse, urging that her arrest had been illegal. The denial of this motion is enumerated as error.

Appellant does not contend that the stopping of her automobile was pretextual. She contends only that, because a traffic citation could have been issued for the relatively minor traffic offenses for which she was validly stopped, the arresting officer had no authority to take her into custody and that the inventory search of her purse was, therefore, conducted pursuant to an invalid custodial arrest.

However, insofar as she relies upon the general provisions of OCGA § 17-4-23 (a), appellant's contention in this regard has previously been rejected. " 'OCGA § 17-4-23 (a) gives a police officer the option to issue a citation but does not restrict the power given to police in OCGA § 17-4-20 to make custodial arrests for crimes committed in their presence.' [Cit.]" *Polk v. State*, 200 Ga. App. 17 (406 SE2d 548) (1991). "The language of OCGA § 17-4-23 (a) that an officer 'may arrest' for a traffic violation by means of a citation clearly is discretionary. For the convenience of the motoring public and the police, the Code section gives the officer the option of issuing a citation rather than going through the time-consuming ordeal of a custodial arrest. It does not mandate a citation." *Brock v. State*, 196 Ga. App. 605, 606 (1) (396 SE2d 785) (1990). Compare *State v. Lamb*, 202 Ga. App. 69 (413 SE2d 511) (1991) (specific provisions of former OCGA § 33-34-12 (a) (3) control over the general provisions of OCGA § 17-4-20).

Appellant also relies upon OCGA § 17-6-11 (a). By its terms, however, OCGA § 17-6-11 (a) does *not* purport to address the issue of the initial authority of an officer to effectuate an arrest for a traffic violation. Instead, that statute addresses only the issue of *post-arrest* bond and recognizance for those arrestees who have been "served with the official summons issued by [the] arresting officer. . . ." Thus, OCGA § 17-6-11 (a) clearly applies *only* to those whom the officer has arrested by issuance of a citation and *not* to those whom he has subjected to a custodial arrest pursuant to OCGA § 17-4-20. After one *has* been subjected to a valid non-custodial arrest, he *then* "may deposit his driver's license with the apprehending officer in lieu of bail, in lieu of entering into a recognizance for his appearance for trial as set in the . . . summons, or in lieu of being incarcerated by the arresting officer and held for further action by the appropriate judicial officer. . . ." OCGA § 17-6-11 (a). However, an officer is *not* otherwise required to make a non-custodial arrest pursuant to OCGA § 17-4-23 (a), but is authorized to make a custodial arrest pursuant to OCGA § 17-4-20. *Polk v. State*, supra; *Brock v. State*, supra. Compare *State v. Lamb*, supra (officer must make non-custodial arrest for violation of former OCGA § 33-34-12 (a)). Where, as in the instant case, the arresting officer does *not* elect to effectuate a non-custodial arrest pursuant to OCGA § 17-4-23 (a), but a valid custodial arrest pursuant to OCGA § 17-4-20, the arrestee has *no* right under OCGA § 17-6-11 (a) to avoid the usual resulting consequences of his custodial arrest by merely tendering his driver's license.

Accordingly, appellant's reliance upon OCGA § 17-6-11 (a) is clearly misplaced. That bond and recognizance statute in no way conflicts with OCGA § 17-4-20 but it merely complements OCGA § 17-4-23 (a) and any other statutory provision which relates to *non-custodial* arrests for traffic offenses. Since appellant was subjected to an

authorized *custodial arrest* pursuant to OCGA § 17-4-20, however, neither OCGA § 17-4-23 (a) nor OCGA § 17-6-11 (a) has *any* applicability here. Compare *State v. Lamb*, supra. Appellant's custodial arrest for traffic violations being lawful, the inventory search pursuant to that custodial arrest was valid and appellant's motion to suppress was properly denied. *Carl v. State*, 160 Ga. App. 464 (287 SE2d 379) (1981). Compare *State v. Lamb*, supra.

2. Over appellant's chain-of-custody objection, the plastic bottle in which trace quantities of cocaine were discovered was admitted into evidence. This evidentiary ruling is enumerated as error.

The evidence showed that some drops of water had been added to the bottle, in order to capture the residue for testing. In the expert opinion of the witness from the State Crime Lab, the introduction of this water would not alter the test results for the presence of cocaine. "There being, at most, bare speculation of tampering or substitution, the trial court correctly admitted the [bottle which had contained cocaine] into evidence. [Cit.]" *Langham v. State*, 196 Ga. App. 71, 72 (1) (395 SE2d 345) (1990).

*Judgments affirmed. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Pope, Cooper, Andrews, JJ., and Judge Arnold Shulman concur. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

Although I would concur in Division 2, I respectfully dissent with respect to Division 1 and would therefore reverse the conviction for possession of cocaine.

Defendant was not given the opportunity to post her valid driver's license in lieu of bail or deposit of money or formal recognizance or incarceration, which she was entitled to do under OCGA § 17-6-11 (a).

When the law was originally enacted in 1973, it provided that the arrestee "may, upon agreement with the arresting officer deposit his chauffeur's or driver's license with the apprehending officer in lieu of" the more severe restrictions. That limitation, which required the agreement of the officer, was eliminated in 1982 when the statute was revised. Ga. L. 1982, pp. 1136, 1138, § 3; p. 1142, § 6. The limitation has not been added back, despite legislative amendment of the section three times since. The title of the 1982 statute reinforces the intention of the legislature to afford this option to persons arrested for certain offenses, for it includes as one of its purposes "to amend an Act permitting driver's licenses to be deposited as bail on arrest for certain traffic offenses . . . so as to authorize driver's licenses to be deposited in certain cases; . . ." Ga. L. 1982, p. 1136. It appears that the legislature intended to provide a simpler and less invasive and less disruptive procedure for assuring the attendance at court, of

those charged with certain vehicle-connected offenses, than full booking at the jail.

The deputy sheriff who searched the purse was the intake officer processing the inmates in. He received all prisoners into the jail. He testified: "We take all their personal property that they have on them . . . When a female is brought in we process them in, fill out the medical screening sheet, fill out the U.C.R. which is just personal information on them. We inventory all the property they have as far as any jewelry, cash, shoe laces, belts, anything the[y] may have in their purse. For security reasons we inventory everything . . . The policy is that we inventory everything that comes through the back door to prevent contraband from going in. Whenever I inventory the property then I am responsible and the County is responsible for whatever that person has on them so we taken an inventory to make sure that any jewelry or money is accounted for . . . And, it's also to protect the person so that they get their stuff back too."

With respect to defendant, she "was brought in by (the arresting officer) on (four) traffic citations." The deputy sheriff inventoried the purse with defendant directly in front of him on the other side of the cage. It was then that he found the suspected cocaine.

Defendant had been arrested at her child's nursery school some four to five blocks from home. She was driving a borrowed car and was arrested pursuant to OCGA §§ 17-4-20 and 17-4-23 for speeding, expired tag, no proof of insurance, and failure to completely stop at a stop sign. The officer impounded the car, examined defendant's purse for weapons, took her in handcuffs to the jail and turned her purse over to the custody of the sheriff's deputy.

No reason is given for processing defendant into jail as a prisoner rather than permitting her to deposit her driver's license, which the officer had already confirmed was valid. Had she been afforded the option to do so, she would have left with the receipt and there would have been no purpose in, or basis for, searching her purse. In my opinion, the inventory search was the product of a violation of OCGA § 17-6-11, and its fruits should have been suppressed.

The majority writes that OCGA § 17-6-11 applies only to instances when the officer elects to issue a citation instead of effecting a custodial arrest. However, the issuance of a citation, which is authorized by OCGA § 17-4-23 (a), is by its nature non-custodial. A person leaves the scene, and it is only if he or she "fails to appear as specified in the citation" that a custodial arrest is effected, by issuance and enforcement of an arrest warrant. OCGA § 17-4-23 (b).

Consequently, if the permission given to the charged person to deposit his or her driver's license applied only to persons who received citations, there would be no benefit to the citizen to be gained from such a surrender. The purpose of submitting the license is to

avoid being immediately brought before a judicial officer and is in lieu of bail, recognizance, and incarceration. The statute expressly states that it applies to "any person who is arrested by an officer for the violation of" certain laws. It also states that the deposit is "in lieu of being incarcerated by the arresting officer," and this "arresting officer" must give a receipt.

After the procedure set out in OCGA § 17-6-11 (a) is followed, the officer is authorized by OCGA § 17-6-11 (b) to release the person.

*Brock v. State*, 196 Ga. App. 605 (396 SE2d 785) (1990), and *Polk v. State*, 200 Ga. App. 17 (406 SE2d 548) (1991), should be reversed insofar as they are contrary.

DECIDED NOVEMBER 26, 1991.

*Smith, White, Sharma & Halpern, Marilynn B. Kelm*, for appellant.

*Robert E. Keller, District Attorney, Daniel J. Cahill, Jr., Assistant District Attorney*, for appellee.

