## A92A0701. RIDGEWAY v. THE STATE.
(422 SE2d 4)

CARLEY, Presiding Judge.

After a bench trial, appellant was found guilty of possession of cocaine with intent to distribute. He appeals from the judgment of conviction and sentence entered by the trial court on its finding of guilt, and enumerates as error only the denial of his motion to suppress.

Appellant was stopped by officers who were authorized to arrest him for the commission of a traffic offense in their presence. Because

the officers had probable cause to effectuate an immediate arrest of appellant, not merely an articulable suspicion to detain him for further investigation, the trial court clearly was authorized to find that the officers' actions were not pretextual. The stop was to effectuate an arrest, and "[t]he fact that, at the time of the stop, the officer[s] may have had a suspicion, short of probable cause, that the vehicle would contain contraband does not demand a finding that the stop was pretextual." *Wise v. State*, 201 Ga. App. 412-413 (411 SE2d 303) (1991). "A rule requiring a law enforcement officer to *forego* making a traffic stop which he would otherwise be authorized to make merely because he suspects that the vehicle might be engaged in the transport of illicit drugs would have little to commend it, and we have previously declined the invitation to create such a rule. [Cits.]" (Emphasis in original.) *Williams v. State*, 187 Ga. App. 409, 411 (1) (370 SE2d 497) (1988).

The officers were authorized to make a custodial arrest of appellant, and were not limited to effectuating a non-custodial arrest by issuing appellant a citation for his commission of the traffic offense. *Baker v. State*, 202 Ga. App. 73 (413 SE2d 251) (1991); *Brock v. State*, 196 Ga. App. 605, 606 (1) (396 SE2d 785) (1990). Compare *State v. Lamb*, 202 Ga. App. 69 (413 SE2d 511) (1991). Moreover, the record shows that appellant had no driver's license to deposit in lieu of bail. Therefore, a non-custodial arrest would not have been possible. Since a custodial arrest of appellant was authorized, the trial court correctly found that any evidence that was found in a contemporaneous search of his person and the passenger compartment of his automobile had been legally seized. *Polk v. State*, 200 Ga. App. 17 (406 SE2d 548) (1991); *State v. Tinsley*, 194 Ga. App. 350 (390 SE2d 289) (1990).

It appears that an initial search of the trunk of appellant's automobile was authorized either as a valid inventory search or as a valid warrantless search of an automobile on probable cause, since $4,000 in cash, a set of scales and suspected cocaine residue had *already* been lawfully discovered on appellant's person and in the passenger compartment of his automobile. In any event, nothing was discovered in this initial search of the trunk, so the validity or invalidity of that search is immaterial.

A subsequent search of the trunk of appellant's automobile did result in the discovery of cocaine. The trial court's finding that this search was conducted pursuant to appellant's consent was authorized. *Woodruff v. State*, 233 Ga. 840, 844 (3) (213 SE2d 689) (1975); *Mann v. State*, 196 Ga. App. 730, 731 (2, 3) (397 SE2d 17) (1990). Accordingly, the cocaine was legally seized.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

Decided June 23, 1992 —
Reconsideration denied July 28, 1992 —

*Herbert Shafer,* for appellant.

*Lewis R. Slaton, District Attorney, Grover W. Hudgins, Penny A. Penn, William F. Riley, Jr., Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.