A98A1971. PATTMAN v. THE STATE.
(513 SE2d 761)

McMURRAY, Presiding Judge.

Defendant Pattman was tried before a jury, along with co-defendant Sanford, charged with a violation of the Georgia Controlled Substances Act (possession of cocaine with intent to distribute). Defendant Pattman was found guilty of the lesser included offense of possession of cocaine. The trial court, however, entered a judgment of conviction indicating that defendant was found guilty "on Count I" which was the original charge of possession of cocaine with intent to distribute. Defendant filed this appeal after the denial of his motion for new trial. *Held*:

1. Defendant's contention that the evidence is insufficient to support the jury's verdict is without merit. Commander George Garrison of the Athens-Clarke County Drug Task Force testified that he and other officers arrested defendant and co-defendant Sanford during an undercover drug buy; that the arrests occurred while defendant and co-defendant Sanford were seated in a car; that a tissue box was found balanced on defendant's chest as he reclined in the car's front passenger seat and that 21.3 grams of cocaine were found in the tissue box. This evidence, proof that defendant was in possession of

drug paraphernalia (referred to by an investigating officer as a "couple of crack pipes") when he was arrested and that defendant admitted (to a police officer) that he owned the seized contraband is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of possession of cocaine, a lesser included offense to the crime. charged in the indictment — possession of cocaine with intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Langham v. State*, 196 Ga. App. 71, 72 (2) (395 SE2d 345).

The trial court did not err in denying defendant's motions for directed verdict and for a new trial. But since the judgment of conviction inaccurately indicates that defendant was found guilty of possession of cocaine with intent to distribute, the case sub judice is remanded for the entry of a judgment of conviction which accurately reflects the jury's verdict.

2. Defendant contends the trial court should have severed his trial from that of his co-defendant, arguing that co-defendant Sanford's defense required proof that defendant admitted owning the contraband that was found at the crime scene. Defendant reasons that this evidence would not have been admitted into evidence had he been tried separately because the State did not comply with OCGA § 17-16-4 (a) (1)'s requirement that such statements be disclosed to the defense no later than ten days prior to trial.

Defendant waived his right to assert this issue on appeal by failing to object when co-defendant Sanford introduced evidence of defendant's custodial admission (that he owned the cocaine) at trial. *Walker v. State*, 258 Ga. 443, 444 (3) (370 SE2d 149). Moreover, defense counsel admitted at trial that the State opened its file to him several weeks before trial and that the State's file then included a hearing transcript (of a personal property condemnation proceeding) which disclosed testimony of defendant's custodial admission that he owned the cocaine. Because this access satisfied OCGA § 17-16-4 (a) (1)'s criminal discovery provisions, evidence of defendant's custodial admission against interest was admissible at trial. See *Lawson v. State*, 224 Ga. App. 645, 646 (3) (481 SE2d 856). The trial court therefore did not abuse its discretion in denying defendant's motion for severance. See *Brown v. State*, 268 Ga. 354, 355 (2) (490 SE2d 75).

*Judgment affirmed and case remanded with direction. Blackburn and Eldridge, JJ., concur.*

DECIDED MARCH 5, 1999.

*Pete, Pete & Associates, Anthony T. Pete*, for appellant.

*Harry N. Gordon, District Attorney, William W. Tanner, Assistant District Attorney*, for appellee.