## A99A1467. THE STATE v. ROBINSON.
(521 SE2d 377)

MCMURRAY, Presiding Judge.

The State appeals the trial court's order granting defendant's motion to suppress cocaine found in his car. Although the evidence adduced at the motion to suppress hearing is conflicting and may be subject to varying interpretations, we construe it most favorably to the upholding of the trial court's findings and judgment. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646).

On July 3, 1993, Officer Stanley Cobb of the Columbus Police Department was patrolling a high crime area with other officers assigned to the "Tactical Operations Unit" when he spotted defendant in the driver's seat of a car that was parked in a car wash's drive-through service bay. Because defendant was not washing his car, but was talking to a pedestrian and a man on a bicycle, Officer Cobb rushed the scene with four other officers in three or four patrol cars. The officers blocked the front and rear of defendant's car with their patrol cars and began questioning the bicyclist who had been talking to defendant. This man cooperated at first, but fled when the officers began searching his pockets. Three of the officers gave chase while the other two stayed behind and held defendant at the scene. Officer Shannon Seals refused defendant's request to leave the scene and asked defendant for identification. Defendant complied, and about five minutes later, Officer Cobb and another officer returned with the bicyclist in handcuffs. These officers found "two rock grams of crack cocaine in [the suspect's] sweat suit pocket."

The officers then turned their attention to defendant. After ordering defendant out of the car, Officer Cobb searched defendant and found $897 in defendant's back pocket. The officers then hand-cuffed defendant and searched his car. They found a bag of cocaine under the car's driver's seat. *Held*:

A temporary investigatory stop under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889), involving restraint must be supported by articulable suspicion that the suspect was or was about to be engaged in criminal activity. *Exposito v. State*, 191 Ga. App. 761, 762 (1) (382 SE2d 412). Officer Cobb triggered such an encounter with defendant in the case sub judice when he rushed defendant with four other officers in three or four patrol cars and blocked defendant's car in the car wash service bay. But he failed to justify this maneuver at the motion to suppress hearing by articulating a particularized and objective basis for suspecting that defendant was engaged or would soon be engaged in criminal activity. Officer Cobb testified that his police experience informed him that individuals engaged in illegal drug transactions will customarily execute deals in areas known for illegal drug activity and via bicycle exchange or car window exchange

transactions. Because defendant appeared to be engaged in such activity in a known drug-source area, Officer Cobb testified that he and other officers went in to investigate defendant's activities at the car wash. Similar circumstances did not justify an investigatory police detention in *State v. Banks*, 223 Ga. App. 838 (479 SE2d 168), because — other than the fact that the suspect was standing on the side of a street in a high-crime area in similar "stop and cop" fashion — the investigating officers did not actually see a hand-to-hand exchange transaction. In *Lambright v. State*, 226 Ga. App. 424 (487 SE2d 59), this Court held that such an observation was the factor which provided the investigating officers in that case with articulable suspicion for detaining and questioning the defendant. Id. at 426 (1). Since Officer Cobb did not articulate any reason for detaining defendant, in the case sub judice, other than the fact that defendant was parked at a car wash that was in a high-crime area and was talking with a man on a bicycle through his car window, we cannot say the trial court erred in determining that there were no articulable facts justifying defendant's detention under *Terry v. Ohio*, 392 U. S. 1, supra.

The trial court did not err in granting defendant's motion to suppress.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JULY 28, 1999.

■■■■■■■■■■■■■■■■■■■

*J. Gray Conger, District Attorney, Alonza Whitaker, Assistant District Attorney*, for appellant.

*Michael E. Garner*, for appellee.