**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 21, 2018**

# In the Court of Appeals of Georgia

A17A1692. THE STATE v. LEWIS.

MCMILLIAN, Judge.

The State appeals the trial court's grant of Brent Lewis' motion to suppress evidence obtained after his car was impounded during a traffic stop. The State argues on appeal that the trial court erred in granting the motion to suppress because the officer had reasonable articulable suspicion for the traffic stop based on information provided by two police databases showing that Lewis had no insurance on the car. Although the database search results may have provided the officer with reasonable articulable suspicion to initiate a stop of Lewis' vehicle, we affirm the trial court's grant of the motion to suppress because after Lewis provided valid proof of his insurance coverage, the officer lacked probable cause to issue a traffic citation for driving without insurance and, thus, lacked any basis to impound and inventory Lewis' car.

In reviewing the grant or denial of a motion to suppress, we apply three fundamental principles as outlined by our Supreme Court:

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support [them]. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citation omitted.) *Miller v. State*, 288 Ga. 286, 286 (1) (702 SE2d 888) (2010). However, "where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Citations and punctuation omitted.) *Williams v. State*, 327 Ga. App. 239, 239-40 (758 SE2d 141) (2014).

The evidence from the hearing on Lewis' motion to suppress shows that on November 4, 2016, an officer with the City of Atlanta Police Department was running vehicle tags at the intersection of McDaniel and Whitehall Streets in Fulton County, Georgia. In performing this operation, the officer checked vehicle license tags using

2

the Georgia Criminal Information Center ("GCIC") database to confirm with the Georgia Department of Driver's Services ("Driver's Services") whether a vehicle had insurance coverage. The GCIC search reflected that a 1998 white Honda Civic, driven by Lewis, was not covered by insurance. To verify the results of the GCIC search, the officer used a second system, the Atlanta Criminal Information Center (ACIC) database, which also reflected that the Honda had no insurance coverage. The officer testified that his stop of Lewis' vehicle was based solely on the database information that the car had no insurance.

When the officer approached the vehicle to explain the reason for the stop, Lewis responded that he had insurance. The officer testified that Lewis handed him a piece of paper that appeared to be a warning from an insurance company stating the vehicle was uninsured. Lewis testified, however, that he showed the officer an e-mail and an insurance company app on his cell phone demonstrating that he had insurance, but the officer told him he could not accept that information. The officer stated that he was not sure if Lewis showed him an app on his phone because Lewis was very nervous and "was trying to do a bunch of things at the same time." The officer also allowed Lewis to call his insurance company for proof, but the stop took place at around 10:30 to 11 p.m. at night and Lewis was unable to reach his insurer at that

3

hour. Based on his observation that Lewis seemed "extremely nervous," the officer called for backup because he was patrolling alone. After the other police unit arrived, the officer ran the tag through ACIC again to confirm that it showed no insurance. He then informed Lewis that he was going to issue a citation and impound the vehicle,[1] leading to an inventory search that found evidence upon which further charges were based.[2] Lewis subsequently filed a motion to suppress that evidence under OCGA § 17-5-30.

At the motion hearing, Lewis presented a copy of his insurance card, his policy declaration page, and a printout of his premium payment history, which showed that the car was insured as of October 28, 2016, and at the time of the traffic stop approximately one week later, on November 4. Additionally, at the trial judge's request, Lewis showed the judge a screenshot of his insurance card from his phone, which he said he showed the officer that night.

Based on this evidence, the trial court granted Lewis's motion to suppress, finding

---

[1] The citation was for "no insurance" under OCGA § 40-6-10.

[2] Lewis was later indicted on charges of possession of marijuana with intent to distribute, possession of a firearm or a knife during the commission of a felony, no insurance, and possession of a firearm by a first offender probationer.

4

from a totality of circumstances, after having had the opportunity to observe the witnesses testify, and consideration of the evidence presented, that Defendant did present the officer with proof of valid vehicle insurance. As Defendant testified, he had only purchased vehicle insurance a few days before the traffic stop. Therefore, it stands to reason that Defendant had not received a physical insurance card but would have had the insurance information available for review on his cellphone application. It further stands to reason, as testified to by Defendant, that having just purchased vehicle insurance, Defendant would have provided that information to [the officer] in a traffic stop for no vehicle insurance.

The trial court found that because the officer had proof of valid vehicle insurance at the outset of the traffic stop and he had no other articulable reason for the stop, Lewis was entitled to suppression of the evidence seized.

It is well settled that under the Fourth Amendment that

[a]n investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity. That determination can only be made after considering the totality of the circumstances or the whole picture. Based upon that whole picture, the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity. Investigative stops of vehicles based solely on unparticularized suspicion or hunch are invalid.

*State v. Dixson*, 280 Ga. App. 260, 261 (633 SE2d 636) (2006). "The state bears the burden of presenting evidence that demonstrates a reasonable suspicion of criminal activity." Id.

Here, the State is correct that the officer could rely on the database search results, and the information indicating that Lewis was driving without insurance supplied the objective manifestation that Lewis was committing the crime of driving without insurance.[3] Thus, the officer had reasonable articulable suspicion to initiate the traffic stop. But that does not end the inquiry here because in the course of the traffic stop, the officer determined to issue a citation and impound the vehicle.

In Georgia, an officer may either physically arrest an offender for a traffic violation or issue a traffic citation, *Edwards v. State*, 224 Ga. App. 332, 334 (3) (a) (480 SE2d 246) (1997); OCGA §§ 17-4-20 (a), 17-4-23 (a). Although not a physical arrest, the issuance of a traffic citation constitutes a non-custodial arrest,[4] and before taking either action, the officer must have probable cause to believe that an offense

---

[3] The offense of driving without insurance constitutes a misdemeanor and, if convicted of the offense, a defendant faces a fine of between $200.00 and $1,000.00 and/or imprisonment for not more than 12 months. OCGA § 40-6-10 (b).

[4] See *Baker v. State*, 202 Ga. App. 73, 74 (1) (413 SE2d 251) (1991) (traffic citation is a non-custodial arrest); *State v. Lamb*, 202 Ga. App. 69, 71 (413 SE2d 511) (1991) (Carley, P.J., concurring specially) (same).

has been committed. See *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (III) (121 SCt 1536, 149 LE2d 549) (2001) (probable cause requirement "applies to all arrests") (citations and punctuation omitted); *Dunaway v. New York*, 442 U.S. 200, 208 (99 SCt 2248, 60 LE2d 824) (1979) (same); *Jones v. State*, 291 Ga. 35, 37 (1) (727 SE2d 456) (2012) ("[A]rrests... can be supported only by probable cause.") (citation and punctuation omitted). Probable cause is a higher standard than that of reasonable articulable suspicion. See *Myers v. State*, 333 Ga. App. 755, 758 (777 SE2d 44) (2015). Probable cause to arrest requires "[f]acts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." (Citation and punctuation omitted). *Hughes v. State*, 296 Ga. 744, 748 (2) (770 SE2d 636) (2015). See also *Glenn v. State*, 302 Ga. 276, 281 (III) (806 SE2d 564) (2017) (probable cause requires "more than a mere suspicion or possibility.") (citation and punctuation omitted).

Here, the trial court found that Lewis showed the officer his insurance app, which demonstrated Lewis had obtained insurance for the car seven days before the stop. We cannot say that these findings are clearly erroneous based on the record.

7

Lewis testified that he showed the officer his phone app and email confirming his insurance coverage, and the documentation presented at the hearing showed that he obtained that insurance on October 28, 2016. The officer did not dispute Lewis' testimony; rather, he simply did not remember seeing the app. Moreover, the officer conceded that in his experience sometimes cars with insurance showed up as having no insurance in the police databases. Additionally, Lewis showed the trial judge a screenshot of what he showed the officer during the stop. The trial judge relied heavily on this evidence in granting the motion, both at the hearing and in his written order. The appellate record contains no copy of this screenshot; therefore, we must assume that screenshot supported the trial court's findings. *Cuyler v. Capital One Bank (USA), N.A.*, 304 Ga. App. 687, 688 (1) (698 SE2d 14) (2010) ("In the absence of the relevant information," we apply "a presumption in favor of the regularity of court proceedings[.]") (citation and punctuation omitted).

Applying the appropriate standard of review, we must accept the trial court's finding that Lewis provided the officer with valid proof of insurance at the outset of the traffic stop. Thus, we find that even though the officer had reasonable articulable suspicion to initiate the traffic stop, once Lewis provided proof of insurance in a

manner acceptable under OCGA § 40-6-10,[5] the officer did not have probable cause to arrest Lewis or issue him a citation. Without probable cause to issue the citation, the officer had no basis for impounding Lewis's vehicle. Accordingly, the trial court properly granted the motion to suppress.[6] Compare *Davis v. State*, 331 Ga. App. 171 (769 SE2d 183) (2015) (affirming denial of motion to suppress evidence seized during inventory search where proof of insurance presented by defendant showed that his insurance had expired and in officer's call to insurance company, representative stated that the policy for that particular vehicle could not be located).

*Judgment affirmed. Barnes, P. J., and Mercier, J., concur.*

---

[5] OCGA § 40-6-10 (a) (1) (1.2) provides that "[t]he proof or evidence of required minimum insurance coverage required by this subsection may be produced in either paper or electronic format. Acceptable electronic formats include a display of electronic images on a mobile electronic device."

[6] Moreover, to the extent that the officer claims to have acted based on a good faith belief that Lewis was driving without insurance, our Supreme Court has found that there is no good-faith exception under OCGA § 17-5-30. *Gary v. State*, 262 Ga. 573, 575-76 (422 SE2d 426) (1992). See also *Harvey v. State*, 266 Ga. 671, 672 (469 SE2d 176) (1996) (OCGA § 17-5-30 "authorizes no exception to Georgia's exclusionary rule when evidence has been seized unlawfully[.]"); *Abercrombie v. State*, 343 Ga. App. 774, 791 (2) (b) (808 SE2d 245) (2017) ("*Gary* remains good law and, as a result, is binding precedent on this Court.").