379 So.2d 121 (1979)
Barbara Patella ULESKY, Appellant,
v.
STATE of Florida, Appellee.
No. 79-323/NT2-2.
District Court of Appeal of Florida, Fifth District.
November 28, 1979.
As Modified On Denial of Rehearing December 21, 1979.
*123 Jack O. Johnson, Public Defender, and Michael S. Becker, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Associate Judge.
Appellant was charged with possession of more than five grams of marijuana, a felony. Following the denial of her motion to suppress the marijuana as illegally obtained evidence, appellant changed her plea from not guilty to nolo contendere, reserving the right to review of the denial of her motion to suppress. We hold that the motion should have been granted as to the marijuana which was found in her purse.
The chain of events leading to the charge against appellant began when a police officer observed appellant backing a pickup truck down a public roadway, narrowly avoiding an accident. The officer stopped appellant, which clearly was justified under the circumstances. When he did so, the officer smelled what he believed to be marijuana smoke coming from the truck and asked appellant to open the ashtray. Appellant reached into the ashtray and dropped what appeared to be a single marijuana cigarette onto the floor board. At this point, the officer arrested appellant and placed her in the back of his patrol car. He then returned to the truck, seized a single marijuana cigarette from the floor board, and searched appellant's purse, which she had left in the cab. The officer found several small bags of marijuana in the purse.
The general rule is that a search conducted without a search warrant and without consent is per se unreasonable under the Fourth Amendment to the United *124 States Constitution,[1] subject only to a limited number of well defined exceptions. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); Hornblower v. State, 351 So.2d 716 (Fla. 1977). Thus, the beginning point of our analysis is the recognition that the warrantless search of appellant's purse was invalid under the Fourth Amendment unless it fell within one of the recognized exceptions to the warrant requirement.
The Fourth Amendment is cast in absolute terms with deceptively simple language. It provides that:
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
While a literal reading of this language might lead one to conclude that no warrantless searches are permissible, the key word is "unreasonable." Each of the exceptions to the Fourth Amendment warrant requirement has evolved from a finding by the courts that a search under the circumstances of the exception is not "unreasonable." These exceptions have been strictly construed, however, and a warrantless search will not be upheld unless it clearly falls within one of the delineated exceptions. Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979).
In addition to a search based upon consent,[2] there are five generally accepted exceptions to the warrant requirement:[3] first, a search incident to a lawful arrest;[4] second, a search based upon probable cause coupled with exigent circumstances;[5] third, a search in connection with the seizure of an automobile for the purpose of a forfeiture proceeding;[6] fourth, a bona fide inventory search;[7] fifth, a protective search for weapons known as a "frisk," incident to a valid "stop."[8]
Three of these exceptions may be summarily dismissed as clearly inapplicable to the search of appellant's purse. Since no forfeiture action was initiated against the truck driven by appellant, the forfeiture exception cannot apply. Since neither the contents of the truck nor the contents of the purse were ever inventoried, the inventory search exception cannot apply.[9] Since the initial stop of appellant had expanded to an arrest prior to the search, the point for application of the "stop and frisk" exception *125 had passed.[10] We are, therefore, left with only two possible justifications for the search of appellant's purse; that the search was based upon probable cause coupled with exigent circumstances, or that the search was incident to a lawful arrest.
The warrantless search of an automobile based upon probable cause is generally considered to be coupled with exigent circumstances and is often termed the "automobile exception" to the warrant requirement, Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), but the exception does not invariably apply simply because an automobile is involved. Essentially, the exigent circumstance which, together with probable cause, justifies the warrantless search of an automobile is that the mobility of the automobile often makes it impracticable to obtain a warrant. An additional factor justifying the automobile exception is that there is generally a lesser expectation of privacy in an automobile than in other personal property. United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977).
In Chadwick, the Supreme Court refused to apply the rationale of the automobile exception to the search of a double locked footlocker removed from the open trunk of a parked car. The Court grounded its rejection of an analogy to the automobile exception on the higher expectation of privacy which attaches to luggage, as opposed to the automobile in general, and on the fact that, once seized by law enforcement officers, the footlocker was safely immobilized. In Arkansas v. Sanders, supra, the Supreme Court clarified the Chadwick holding, disapproving the warrantless search of luggage taken from the trunk of a taxicab in which the owner of the luggage was riding as a passenger.
Once police have seized a suitcase, as they did here, the extent of its mobility is in no way affected by the place from which it was taken... . Accordingly as a general rule there is no greater need for warrantless searches of luggage taken from automobiles than of luggage taken from other places. 442 U.S. at 763, 99 S.Ct. at 2593, 61 L.Ed.2d at 245 (footnotes omitted).
Based upon Chadwick and Sanders, we hold that even though there may have been probable cause, the search of appellant's purse cannot be upheld because there were no exigent circumstances attendant upon the fact that the purse was in the cab of a truck, or otherwise. Once the police officer had seized appellant's purse and put it exclusively within his control, there was no longer a problem of mobility. Furthermore, there is a much higher expectation of privacy in a purse than in an automobile. Since neither of the two factors which justify the automobile exception was present, the search cannot be upheld under that exception.
The only remaining possibility for upholding the search of appellant's purse is under the exception applicable to a search incident to a lawful arrest. This exception was first mentioned by the Supreme Court in Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914) (dictum). As there stated, the permitted search was limited to the arrestee's person. Following Weeks, the Court both expanded and contracted the scope of this exception to the warrant requirement. In Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), however, the Court finally settled upon a narrow scope for the exception of a warrantless search incident to a lawful arrest. It held that the proper scope of such a search is limited to the area within the "immediate control" of the defendant.
The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime  things which might easily happen where the weapon or evidence is *126 on the accused's person or under his immediate control. But these justifications are absent where a search is remote in time or place from the arrest. 376 U.S. at 367, 84 S.Ct. at 833, 11 L.Ed.2d at 780.
In Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), the Court clarified what it meant by "immediate control." There the police searched the defendant's entire house after he was arrested for burglary of a coin shop. The Court ruled that this was entirely too broad a search to be justified as incidental to a lawful arrest. While the facts of Chimel are clearly distinguishable from the present case, the rationale used by the Court is controlling.
When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise the officer's safety might well be endangered, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or its destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary item, must, of course, be governed by a like rule. A gun on a table or in a drawer in front of one who is arrested can be as dangerous to the arresting officer as one concealed in the clothing of the person arrested. There is ample justification, therefore, for a search of the arrestee's person and the area "within his immediate control"  construing that phrase to mean the area from which he might gain possession of a weapon or destructible evidence. 395 U.S. at 762, 89 S.Ct. at 2040, 23 L.Ed.2d at 694.
Applying this rationale to the facts of the case at hand, we hold that the warrantless search of appellant's purse was impermissible. The only two reasons for allowing a warrantless search incident to a lawful arrest are to prevent the arrestee from seizing a weapon and to prevent the arrestee from concealing or destroying evidence. No other considerations are relevant. Chimel v. California, supra. Thus, the search must be limited to the area within the immediate control of the arrestee at the time of the search, not at the time of the arrest. Here, once appellant was placed in the patrol car and thereby separated from her purse, neither of the justifications for the search incident to arrest exception were present. There was no longer any danger that appellant would obtain a weapon from the purse. Similarly, there was no danger that appellant would conceal or destroy any items of evidence which might have been in the purse. The purse simply was no longer within appellant's "immediate control."
Although we hold that the trial judge erred in denying appellant's motion to suppress insofar as the marijuana obtained in the search of her purse was concerned,[11] we find that the trial judge was correct in denying her motion insofar as the single marijuana cigarette was concerned. The smell of marijuana smoke provided probable cause for the warrantless search of the truck, including the ashtray.[12]Dixon v. State, 343 So.2d 1345 (Fla. 2d DCA 1977). The single marijuana cigarette, however, is insufficient to sustain a felony conviction in this case under Section 893.13(1)(f), Florida Statutes (1977), since this is appellant's first offense. Accordingly, we reverse appellant's felony conviction and remand this *127 case to the trial court for further proceedings consistent with this opinion.
Reversed and remanded.
SCHEB, Acting Chief Associate Judge, and RYDER, Associate Judge, concur.
NOTES
[1] The Florida Constitution also contains a prohibition against unreasonable searches and seizures, in much the same language as that of the Fourth Amendment. Art. 1, § 12, Fla. Const. This court has held that the standard imposed by the comparable provision of the Florida Constitution is no higher than that imposed by the Fourth Amendment. State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979). Therefore, we express the applicable constitutional standard in a search and seizure case as that imposed by the Fourth Amendment.
[2] As to what constitutes valid consent to a search, see Bailey v. State, 319 So.2d 22 (Fla. 1975).
[3] A sixth situation, sometimes discussed as an exception, arises when evidence is observed in "plain view." In such a situation, under the "plain view" doctrine, no search takes place leading to the seizure of the evidence. State v. Ashby, 245 So.2d 225 (Fla. 1971). In the instant case appellant's purse was in plain view, but its contents were not.
[4] Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).
[5] Hornblower v. State, 351 So.2d 716 (Fla. 1977).
[6] Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967).
[7] Godbee v. State, 224 So.2d 441 (Fla. 2d DCA 1969).
[8] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
[9] Had the officer found the marijuana in the course of a bona fide inventory search, our decision on this appeal might well have been different. The officer, however, admitted that the purpose of his search was to uncover weapons or drugs. Haugland v. State, 374 So.2d 1026 (Fla. 3d DCA 1979). But see State v. Southwell, 369 So.2d 371 (Fla. 1st DCA 1979).
[10] The search of a woman's purse is within the scope of a justifiable frisk. Dawson v. State, 40 Md. App. 640, 395 A.2d 160 (1978).
[11] We note that the First District Court of Appeal recently reached the same conclusion in a case involving a very similar set of facts. Liles v. State, 375 So.2d 1094 (Fla. 1st DCA 1979).
[12] We have no difficulty finding the necessary exigent circumstances in connection with the seizure of the single marijuana cigarette. The marijuana cigarette was in the ashtray of the appellant's truck, where she could not reasonably have had the same expectation of privacy that she had in her purse. Additionally, the truck had not been impounded at the time the cigarette was seized, so there was a problem of mobility which did not exist with respect to the purse.