398 So.2d 1008 (1981)
Gwendolyn Rogers HICKS, Appellant,
v.
STATE of Florida, Appellee.
No. VV-65.
District Court of Appeal of Florida, First District.
May 21, 1981.
*1009 Michael E. Allen, Public Defender and Louis G. Carres, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Miguel A. Olivella, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Hicks appeals a judgment of conviction following a no contest plea to a charge of unlawful possession of valium, reserving the right to appeal the court's denial of her motion to suppress controlled substances found during warrantless searches of her purse and a brown leather pouch in her car. Denial of the motion to suppress was error, and we reverse.
Florida Highway Patrolman Cranford arrested Hicks for driving while intoxicated, handcuffed her, and transported her and her purse to the county jail. Meanwhile, Cranford called trooper Horne to stay with appellant's car until it could be towed off the interstate highway to a service station near the jail. As he approached the car to roll up a window and shut the door tightly, Horne spotted a bank deposit bag on the floor in front of the driver's seat. He looked in it to see if it contained anything valuable and when he found coins inside, thought it reasonable to open and search a brown leather pouch or "purse" next to the bag. This pouch contained some loose capsules. Horne relayed his findings to Cranford at the jail, and Cranford then searched appellant's purse, which contained valium, pentobarbital and methaqualone.
The state attempts to justify these searches as valid "inventory" or "protective" searches for which no warrant is required under the state and federal constitutions. Inventory searches are generally approved as an exception to the warrant requirement only if they are reasonable and are conducted in accord with standardized police procedures, and not as a pretext for *1010 otherwise invalid searches. South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); Godbee v. State, 224 So.2d 441 (Fla. 2d DCA 1969); Chuze v. State, 330 So.2d 166 (Fla. 4th DCA 1976).
These searches did not meet those requirements. There is no indication in this record that either search, particularly the purse search at the station, was conducted pursuant to standard highway patrol procedures. Moreover, the searches were unreasonable in a constitutional sense because though the police may have had a legitimate interest in securing the car for towing and inventorying its contents, Hicks had a countervailing and superior expectation of privacy in her personal luggage, such as the leather pouch searched within the car. Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979); United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); Cobb v. State, 378 So.2d 82 (Fla. 3d DCA 1979). Cf. Knight v. State, 398 So.2d 908 (Fla. 1st DCA 1981). Trooper Horne did not even complete an inventory list of the car's contents, belying the inventory rationale offered here by the state.
Corresponding or perhaps greater privacy rights existed in the contents of appellant's purse. Ulesky v. State, 379 So.2d 121 (Fla. 5th DCA 1979). The inventory basis for this search at the jail also was pretextual: trooper Cranford admitted that one reason he decided to search the purse was his belief, based on the news from trooper Horne, that it contained contraband. See also Benton v. State, 329 So.2d 385 (Fla. 1st DCA 1976).
The search of appellant's purse was very different from the protective jailhouse search of a defendant's travel bag upheld in Delatte v. State, 384 So.2d 245 (Fla. 1st DCA 1980). In Delatte, the police had reason to believe the bag, to which the defendant would have access, contained a weapon. Here trooper Cranford testified he had no reason to think appellant's purse contained a weapon; and appellant, still handcuffed, had no control over the contents of the purse. See Ulesky, supra, 379 So.2d at 126. Absent these considerations, there was no reason the purse could not have been sealed, inventoried and stored, if necessary, as a unit.
REVERSED.
ROBERT P. SMITH, Jr., LARRY G. SMITH and JOANOS, JJ., concur.