## 62642. CARL v. THE STATE.

SOGNIER, Judge.
Angela Carl appeals her conviction of violation of the Georgia Controlled Substances Act (Code Ch. 79A-8). Her sole enumeration of error is that the evidence against her was seized after a warrantless search of her purse in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States (Ga. Code §§ 1-804, 1-815). Carl's motion to suppress such evidence was denied by the trial court after an evidentiary hearing.

The evidence disclosed that appellant was involved in an

automobile accident. She was arrested at the scene, placed in a police car and transported to the police station. On arrival at the police station the valuables and cash in Carl's purse were inventoried pursuant to a requirement that the police conduct such an inventory for their own protection and to assure that any persons arrested and booked will have all of their property returned upon release. During the inventory the arresting officer opened a wallet inside Carl's purse; he discovered and seized two pills in the wallet's change (coin) compartment, one of which contained Quaalude.

Appellant contends the search of her purse was illegal, as it was made without a warrant and without probable cause. We do not agree.

The facts of this case make it clear that the police were not conducting a search, but were following standard inventory procedures, as they were required to do by police rules. "In circumstances involving noncriminal inventory searches, where probable cause to search is irrelevant, we have recognized 'that search warrants are not required, linked as the warrant requirement textually is to the probable-cause concept.' [Cit.] This is so because the salutary functions of a warrant simply have no application in that context; the constitutional reasonableness of inventory searches must be determined on other bases." United States v. Chadwick, 433 U. S. 1, 10, fn. 5 (97 SC 2476, 53 LE2d 538) (1977). Thus, "the question is whether officers were truly pursuing an investigatory or an inventory search [of the purse]." *Mooney v. State,* 243 Ga. 373, 384 (254 SE2d 337) (1979).

In *Garner v. State,* 154 Ga. App. 839 (269 SE2d 912) (1980), police stopped Garner for a traffic violation and impounded his car at the scene. On arrival of a tow truck, the police inventoried the contents of Garner's car, including a closed but unsealed cardboard box, pursuant to the standard policy and procedure of the Atlanta Police Department. On arrival at the police station, the box was opened to complete the inventory and a plastic bag containing contraband was discovered therein. In holding that the cardboard box was opened lawfully pursuant to police procedures, we stated: "There is no evidence that when the officer opened the box and looked into the opaque bag he did so for investigatory rather than inventory purposes or that instead of Garner's personal . . . possessions which should be inventoried for protection purposes the officer expected to find evidence of Garner's criminality . . . Under these circumstances, we hold the instant search to be 'reasonable' because the officer, without any investigative intent, was in good faith carrying out an inventory procedure for the protection of himself and Garner." Id., at 843. We recognize that *Garner* involved

inventorying the contents of an impounded vehicle and not, as here, a woman's purse. However, the principles used to distinguish an investigative search from an inventory search are the same. Applying those principles to the instant case, we find the instant search reasonable because the police officer was, in good faith, conducting an inventory without any investigative intent. Accordingly, it was not violative of appellant's constitutional rights and it was not error to deny her motion to suppress. *Garner,* supra, at 843.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 20, 1981.

*Jerry Rylee,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jerry Baxter, H. Allen Moye, Wendy Shoob, Assistant District Attorneys,* for appellee.