BOOTH, Judge.
Appellant appeals his conviction for trafficking in more than 100 pounds but less than 2,000 pounds of cannabis. Among other issues raised on appeal, which we find are without merit, appellant contends that the trial court erred in denying his motions to suppress the cannabis seized pursuant to an agricultural search warrant and a calculator and list of weights seized as a result of a warrantless search of appellant’s flight bag. We affirm.
Appellant was the driver of a van that passed an agricultural inspection station without stopping. Another individual was a passenger in the van at the time. Deputy Sheriff Pease observed the van pass the station, pursued it, pulled it over, informed appellant that he had failed to stop as required by law, arrested appellant for the misdemeanor violation, and requested that appellant return to the agricultural inspection station.
At the station, Agricultural Inspector Clark obtained permission from appellant to look into the van and, upon doing so, observed a large compartment area with no visible access and no odor emanating therefrom. Appellant informed Inspector Clark that he knew of no way into the compartment area and denied ownership of the vehicle. Inspector Clark, not satisfied with the search, thereupon obtained an agricultural search warrant pursuant to Section 570.15(l)(b), Florida Statutes.
The locked compartment was forcibly opened by Inspector Clark with the assistance of Deputy Sheriff Pease, and cannabis in excess of 500 pounds was discovered therein. Both the vehicle and appellant were transported to the police station, whereupon the van was searched and a flight bag, which belonged to appellant, seized. Pursuant to a warrantless search *891 of the flight bag, Deputy Pease discovered a calculator that contained a list of weights which corresponded to the number of bales of cannabis and weights of each stored in the compartment area of the vehicle. Appellant’s motions to suppress the cannabis, the flight bag and the contents found therein were denied.
Appellant contends that Section 570.-15(l)(b), Florida Statutes, is unconstitutional because it permits the issuance of a regulatory search warrant on less than probable cause as required by Article I, Section 12 of the Florida Constitution and that the warrantless search of the flight bag conducted by Deputy Pease at the station was unconstitutional pursuant to Robbins v. California, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.3d 744 (1981), Knight v. State, 398 So.2d 908 (Fla. 1st DCA 1981), and Hicks v. State, 398 So.2d 1008 (Fla. 1st DCA 1981).[1] We disagree.
In Pederson v. State, 373 So.2d 367 (Fla. 1st DCA 1979), this court recognized that it is “constitutionally permissible for the Legislature to impose an administrative probable cause standard for a warrant.” Shortly thereafter, the Legislature redrafted Section 570.15(l)(b), Florida Statutes, and deleted the requirement that criminal probable cause, as enunciated in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), and set forth in Chapter 933, Florida Statutes, be satisfied. Ch. 79-587, § 1, Laws of Florida.
“If a valid public interest justifies the intrusion contemplated, then there is [administrative] probable cause to issue a suitably restrictive warrant.” Camara v. Municipal Court, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). The reasonable governmental interests advanced by Chapter 570, Florida Statutes, which justify the intrusion contemplated, are the protection of the public health and economic good. See Gluesenkamp v. State, 391 So.2d 192 (Fla.1980), cert. denied, 453 U.S. 924, 102 S.Ct. 888, 69 L.Ed.2d 1022 (1981).
Upon discovery of the cannabis, Deputy Officer Pease had probable cause to conduct a warrantless search of the vehicle and containers, including the flight bag, found therein. United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). It matters not whether that search was conducted at the immediate scene or at the police station shortly thereafter. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Texas v. White, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975).
Accordingly, we conclude that the trial judge did not err in denying appellant’s motions to suppress and affirm the judgment of conviction.
SMITH and SHIVERS, JJ„ concur.

. Although we do not address herein whether the search conducted by Deputy Pease at the police station could be upheld under the inventory exception to the warrant requirement, we note that the continued viability of Knight v. State, 398 So.2d 908 (Fla. 1st DCA 1981), and Hicks v. State, 398 So.2d 1008 (Fla. 1st DCA 1981), is questionable in view of United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).