DANAHY, Judge.
The state appeals from an order of the trial court granting Deborah Forbes’ motion to suppress evidence. We reverse.
*783 Two law enforcement officers testified at the suppression hearing. Officer Godbee testified that he arrested Forbes for petit theft of certain articles from a Goodwill box. At the time of arrest, Forbes’ purse was in the front seat passenger side of her vehicle. Officer Godbee removed the purse and carried it with him as he took Forbes to the police station.
At the station, Officer Godbee placed the purse on a table in the booking room and then watched Deputy Sheriff Myers inventory its contents. As part of the standard inventory procedure for the Highlands County Jail, Myers examined the purse to remove and secure valuables and to prevent contraband from entering the jail. He asked Forbes if she had any valuables in her purse, and she said that she had money in her wallet. Myers removed the wallet and asked her if the purse contained any other valuables, and she said “no.” Still following standard inventory procedures, Myers continued to remove and examine the contents of the purse. When he found a small gray purse inside this larger purse, he unzipped it and discovered marijuana and quaaludes. As a result, the state charged Forbes with possession of controlled substances as well as petit theft.
An inventory search is a recognized exception to the requirement of a warrant as long as it is conducted in accordance with standard police procedure. Where such a search is used as a pretext to seize evidence illegally, that evidence will be suppressed. Hicks v. State, 398 So.2d 1008 (Fla. 1st DCA 1981). Here, unlike Hicks, the record discloses nothing indicating a pretextual search proscribed by the fourth amendment.
In Carl v. State, 160 Ga.App. 464, 287 S.E.2d 379 (Ct.App.Ga.1981), the police arrested Angela Carl following an automobile accident. Once at the station, the police inventoried her purse in accordance with standard police booking procedures. During this inventory, the officer opened a wallet inside the purse and discovered a quaalude pill. The court concluded that “the police were not conducting a search, but were following standard inventory procedures, as they were required to do by police rules.” 160 Ga.App. at 465, 287 S.E.2d at 380.
The facts in the instant case are remarkably similar to those in Carl. Clearly, once a person is lawfully arrested and taken into custody, the police may, as part of their standard booking procedure, inventory the arrested party’s personal effects and remove evidence discovered during the course of this examination. United States v. Rega, 496 F.Supp. 101 (S.D.N.Y.1980). See also State v. Brown, 291 Or. 642, 634 P.2d 212 (1981); State v. Hawkins, 7 Wash.App. 688, 502 P.2d 464 (Wash.Ct.App.1972).
An individual’s personal effects have been defined to include a wallet, United States v. Ziller, 623 F.2d 562 (9th Cir. 1980), and, more important for our purposes, a woman’s purse, Stewart v. State, 611 S.W.2d 434 (Tex.Cr.App.1981); Rega, supra. As the Stewart court noted, “As a matter of common usage, a purse is an item carried on an individual’s person in the sense that a wallet or items found in pockets are . .. . ” 611 S.W.2d at 438.
Accordingly, because Deputy Myers discovered the contraband in the purse while conducting a standard inventory search as part of the booking proceedings of an arrestee, the trial court erred in granting the motion to suppress.
REVERSED.
RYDER, A. C. J., and SCHOONOVER, J., concur.