PER CURIAM.
The juvenile appellant challenges his adjudication of delinquency for possession of cannabis. Because the trial court erred in denying the appellant’s motion to suppress physical evidence, we reverse.
According to the trial court’s order, the appellant was arrested by an off-duty police officer at a nightclub when “the officer saw a bulge in the child’s pocket, touched the pocket with his hand and asked the child to remove the items.” The appellant “pulled the pack of cigarettes out of his pocket” and in so doing, “the bag of cannabis fell out of [his] pocket,” too. Based upon these facts, the trial court found the confiscation of the cannabis lawful and denied the motion.
A police officer’s demand that a suspect disclose or produce a concealed object constitutes a search. See M.J. v. State, 399 So.2d 996 (Fla. 1st DCA 1981). Because the trial court expressly found that the appellant removed the contents of his pockets at the officer’s behest, the action constituted a search. As the search was neither pursuant to a warrant nor any recognized exception to the warrant requirement, the search was illegal, and the trial court erred in denying the appellant’s motion to suppress.
The state stipulated that the motion is dispositive of the appellant’s case. We accordingly reverse the appellant’s adjudication of delinquency and remand this case to the trial court for discharge of the appellant.
MINER, ALLEN and MICKLE, JJ., concur.