732 So.2d 20 (1999)
Tommie Lee SANDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2206.
District Court of Appeal of Florida, First District.
April 27, 1999.
Nancy Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Denise O. Simpson, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, J.
Reserving the right to appeal the trial court's denial of his motion to suppress cocaine and drug paraphernalia, the appellant pled nolo contendere to charges of possession of the cocaine and paraphernalia. See Fla. R.App. P. 9.140(b)(2)(A). We reverse the appellant's convictions because the evidence was seized in connection with a search which exceeded the scope of the appellant's consent.
Considered in a light most favorable to the prosecution, the testimony presented at the suppression hearing revealed the following facts: Approximately ten *21 minutes after a store had been burglarized in the very early morning hours, Officer Raggins spotted the appellant walking along a street about two blocks from the store. When the officer asked the appellant why he was out at that time of the morning, the appellant first stated that he was looking for his car keys, and when further pressed, stated that he always took a walk at that time of the morning. When the officer asked if the appellant would object to being patted down, the appellant responded that he had no objection. Officer Raggins then asked the appellant whether he had any needles or other sharp objects in his pockets that might prick the officer during the pat down. Although the appellant indicated that he had no such objects in his pockets, the officer instructed the appellant to take everything out of his pockets. The appellant complied, producing the cocaine and paraphernalia.
When a suspect empties his pockets in response to an officer's directive that he do so, the legal effect is the same as if the officer had himself searched the suspect's pockets. See K.L. v. State, 699 So.2d 819 (Fla. 1st DCA 1997). The only justification offered by the appellee for the search of the appellant's pockets in the present case is that the appellant's consent to a pat down also provided consent for a more extensive search of his person. But "[a] consensual search by its very definition is circumscribed by the extent of the permission given, as determined by the totality of the circumstances." See State v. Wells, 539 So.2d 464 (Fla.1989), aff'd, 495 U.S. 1, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990). And, in the absence of additional circumstances which would justify a more complete search, consent to a mere pat down does not include consent to reach into the pockets of a suspect and retrieve the contents. See Jordan v. State, 664 So.2d 272 (Fla. 5th DCA 1995). The trial court therefore erred in denying the motion to suppress.
The appellant's convictions are reversed and this case is remanded to the trial court with directions that the appellant be discharged.
JOANOS and KAHN, JJ., CONCUR.