908 So.2d 600 (2005)
STATE of Florida, Appellant,
v.
Deborah Jo CASEY, Appellee.
No. 2D04-4460.
District Court of Appeal of Florida, Second District.
August 19, 2005.
*601 Charles J. Crist, Jr., Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellee.
VILLANTI, Judge.
The State appeals the trial court's order granting Deborah Jo Casey's dispositive motion to suppress pills containing oxycodone found in her purse during a search of a vehicle incident to the arrest of the driver. We reverse.
Casey was a passenger in a vehicle stopped by a police officer at 3:30 a.m. for an inoperative tag lamp. After stopping the vehicle, the officer observed its expired out-of-state temporary tag. Upon performing a license check, the officer discovered that the driver had a suspended driver's license and the vehicle had no registration. The officer arrested the driver, advised Casey that he was going to conduct a search of the vehicle incident to the arrest, and asked Casey to exit the vehicle. Casey complied, leaving her purse on the front passenger seat. The officer searched the vehicle and Casey's purse. Inside Casey's purse, he found five loose white tablets labeled "Endo 602," which he determined were a controlled substance containing oxycodone. The pills were not in a prescription container, and Casey was unable to produce a prescription. The officer then ordered Casey to empty her pockets, which contained eleven more tablets. After the State charged Casey with possession of oxycodone, she moved to suppress the evidence. The court granted Casey's motion.
As a preliminary matter, we first address whether the State preserved this issue for appeal. Although the State failed to cite the exact cases on point to the trial court below, it still properly preserved the issue because its objection was "sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor." § 924.051(1)(b), Fla. Stat. (2004); accord Baskin v. State, 898 So.2d 266, 267 (Fla. 2d DCA 2005) (finding that although counsel was "unable to provide any legal authority," counsel preserved the issue by calling attention to the "same legal issue raised on appeal"). The State evoked the testimony from the arresting officer that he had searched Casey's purse during a search of the vehicle incident to the driver's arrest. The State then repeatedly argued that the officer was justified in searching the purse, stating, "[O]nce the defendant leaves her purse behind, then anything in that car that the officer  the officer has a right to search her purse because ... she abandoned it" and "when [Casey] voluntarily leaves [the purse] behind in the car . . . [i]t's subject to the officer's search."
*602 Turning to the merits of this appeal, we note that the trial court granted Casey's motion to suppress based upon a single case  a 1979 case from the Fifth District cited by the defense as controlling case law  Ulesky v. State, 379 So.2d 121 (Fla. 5th DCA 1979). The defense argued that Ulesky required suppression of the evidence because it limited a search incident to an arrest to the area within the arrestee's immediate control. The trial court recognized that Ulesky was "ancient" case law with "odd history" and negative citing references that none of the attorneys had read, but relied on the case anyway. Had anyone read the negative citing references, they would have learned that Ulesky was called into question over twenty years ago by the United States Supreme Court in New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). In Belton, the Supreme Court adopted a bright line rule that when an officer arrests an occupant of a vehicle, the interior of the vehicle is within the scope of a search incident to the arrest. The search may include the passenger compartment of the vehicle and any container found within the passenger compartment regardless of whether it is open or closed. Id. at 460, 101 S.Ct. 2860.
Pursuant to Belton, the officer here was clearly justified in searching Casey's purse, which was left on the passenger seat. See State v. Moore, 619 So.2d 376 (Fla. 2d DCA 1993) (relying on Belton to sustain the search of a passenger's purse found on the floor of a car following the arrest of the driver). Upon finding the pills in Casey's purse and identifying them as contraband, the officer had probable cause to arrest Casey for possession of oxycodone and was therefore justified in ordering her to empty her pockets. See United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) (holding that probable cause for arrest justifies search of a person incident to the arrest); Sanders v. State, 732 So.2d 20, 21 (Fla. 1st DCA 1999) ("When a suspect empties his pockets in response to an officer's directive that he do so, the legal effect is the same as if the officer had himself searched the suspect's pockets."). Accordingly, we reverse the trial court's order granting Casey's dispositive motion to suppress and remand for further proceedings.
Reversed and remanded.
CASANUEVA and LaROSE, JJ., Concur.