The PEOPLE of the State of Colorado,
Plaintiff–Appellant

v.

Brittney R. COATES, Defendant–
Appellee.

No. 11SA231.

Supreme Court of Colorado,
En Banc.

Dec. 12, 2011.

Peter G. Hautzinger, District Attorney, Twenty–First Judicial District, Richard H. Brown, Deputy District Attorney, Grand Junction, Colorado, Attorney for Plaintiff–Appellant.

Leslie J. Castro, P.C., Grand Junction, Colorado, Attorney for Defendant-Appellee.

Justice COATS delivered the Opinion of the Court.

The People brought an interlocutory appeal pursuant to section 16–12–102(2), C.R.S. (2011), and C.A.R. 4.1, challenging the district court's suppression of evidence seized from the trunk of the defendant's vehicle. Upon discovering a bindle and single prescription pill in the driver's pants pocket, the police arrested him, placed him in their patrol car, and searched the vehicle. The district court found that the police lacked any reasonable and articulable basis to search the defendant's trunk incident to the arrest of the driver, and that they therefore also lacked probable cause for a warrantless search of the vehicle's trunk pursuant to the automobile exception.

Because the evidence for which suppression was sought was not seized from the passenger compartment of the defendant's vehicle, the search-incident-to-arrest exception could not justify its seizure under any circumstances. Because we can, however, determine from the district court's findings of fact that the police lacked probable cause to search the defendant's vehicle, whether or not they would have been justified in searching the passenger compartment on less than probable cause, the district court's suppression order is affirmed.

## I.

Following the stop of her vehicle and discovery of prescription pills in its trunk, Brittany Coates was charged with various felony drug offenses, as well as contributing to the delinquency of a minor.[1] Prior to trial, she moved to suppress, among other things, all evidence seized from her trunk. After hearing the motion and entertaining the arguments of counsel, the district court made written findings of fact and conclusions of law and granted the motion with respect to the evidence seized from her trunk.

The only witness to testify concerning the motion to suppress was the arresting officer. From his testimony the court found that when the vehicle was stopped in Grand Junction on August 28, 2010, the defendant and another passenger were riding in the back seat. The car was being driven by a sixteen-year-old juvenile, who had no driver's license. The driver, who appeared abnormally nervous to the officer, gave consent for a pat-down search and subsequently for a search of his pants pocket. Upon finding a folded paper bindle containing a single pill, presumptively identified as Xanax, the officer arrested the driver, handcuffed him, and placed him in his patrol car. According to the officer, the juvenile mentioned that at one time he had a prescription for the drug. The passengers were then removed, and the vehicle was searched. A bottle containing

various prescription pills was found in the trunk. The defendant and the other passenger then conceded that they owned the vehicle, but both denied any knowledge of the pills found in the trunk.

In response to the defendant's argument that the search of the defendant's trunk should be analyzed as a search incident to arrest, the district court compared the circumstances of this case with those of our other post-*Arizona v. Gant* analyses and concluded that the police lacked any articulable or reasonable belief that evidence of the arrest crime would be found in the trunk of the vehicle. In response to the People's argument that the warrantless trunk search was justified instead as a search pursuant to the automobile exception to the warrant requirement, the district court concluded that since the People had not even met the lower "reasonable belief" standard for a search incident to arrest, it necessarily followed that they also fell short of showing probable cause, as required to support a search pursuant to the automobile exception.

## II.

In *Arizona v. Gant,* the United States Supreme Court revisited its search-incident-to-arrest jurisprudence and made clear that it had never created a bright-line rule automatically permitting a search of the passenger compartment of a vehicle incident to the arrest of a recent occupant. 556 U.S. 332, 344–45, 129 S.Ct. 1710, 1720, 173 L.Ed.2d 485 (2009). In doing so, however, it also held that quite apart from the arrestee's ability to access weapons or evidence in the vehicle, a search incident to his arrest would extend to a search for evidence of the crime for which he was arrested, as long as it would be reasonable to believe such evidence might be found in the vehicle. *Id.* at 343–44, 129 S.Ct. at 1719; *see People v. Chamberlain,* 229 P.3d 1054, 1056 (Colo.2010); *see also People v. McCarty,* 229 P.3d 1041, 1043 (Colo.2010); *Perez v. People,* 231 P.3d 957,

---

1. More specifically, the defendant was charged with distribution of a controlled substance to a minor-schedule IV, § 18–18–405(1)(7), C.R.S. (2011), contributing to the delinquency of a minor, § 18–6–701, possession with the intent to

manufacture or distribute a controlled substance-schedule IV, § 18–18–405(1), (2)(a)(III)(A), and possession of drug paraphernalia, § 18–18–428(1).

961 (Colo.2010). In *Chamberlain,* we interpreted this requirement of reasonableness as reflecting a degree of suspicion commensurate with that sufficient for limited intrusions like investigatory stops. 229 P.3d at 1057.

Although the Court in *Gant* clarified the bases for and scope of a search incident to arrest in the vehicle context, it did not purport to alter the search-incident-to-arrest doctrine outside that context or expand the applicability of the search-incident-to-arrest doctrine in the vehicle context to include areas beyond the passenger compartment of the vehicle. Quite the contrary, whether or not its reliance on a reduced expectation of privacy in motor vehicles might suggest the approval of a broader search based only on reasonable belief, the Court expressly limited a search incident to arrest based on this new evidence-gathering rationale to the passenger compartment of the vehicle. *See Gant,* 556 U.S. at 343–44, 129 S.Ct. at 1719 ("[T]he offense of arrest will supply a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein."). Because the driver and passengers in this case had been secured, only the evidence-gathering aspect of the search-incident-to-arrest doctrine was ever at issue, and therefore that exception to the Fourth Amendment requirements of probable cause and a warrant could not even conceptually have justified the officers' search of the defendant's trunk, regardless of the strength and reasonableness of their suspicion that evidence of the crime for which the driver was arrested might be found in the vehicle.

Apparently aware of the limited scope of this second, evidence-gathering prong of the search-incident-to-arrest doctrine, the People have argued throughout that the circumstances of this case actually gave the police probable cause to search the entire vehicle and that doing so without a warrant was sanctioned by the automobile exception to the warrant requirement. *See Wyoming v. Houghton,* 526 U.S. 295, 300, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999). The People's argument for probable cause, however, relies on *Arizona v. Gant* for the intermediate proposition that an arrest for possession always permits a search of the passenger compart-

ment for more drugs. More specifically, the People reason that the discovery of a controlled substance on the person of a recent occupant of a vehicle necessarily provides both probable cause to arrest him and a reasonable basis to search the passenger compartment of his vehicle for more drugs; that the driver's nervous demeanor and claim to have once had a prescription in this case elevated that reasonable basis to probable cause; and that probable cause to believe a controlled substance is located anywhere in a vehicle justifies a search of the entire vehicle, including the trunk.

In disapproving the particular search incident to arrest at issue in *Arizona v. Gant,* the Supreme Court expressly distinguished the driving under suspension arrest in that case from the drug arrests in both *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), and *Thornton v. United States,* 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004), noting that the crime of arrest in those cases actually did supply a basis for searching the passenger compartments of the arrestees' respective vehicles. *Gant,* 556 U.S. at 343–44, 129 S.Ct. at 1719. In *Chamberlain,* however, we found that although the nature of the offense of arrest is clearly intended to have significance, and that in some cases it may virtually preclude the existence of any real or documentary evidence, a broad rule automatically authorizing searches incident to arrest for all other offenses could not be reconciled with the ultimate holding of *Gant. Chamberlain,* 229 P.3d at 1056–57. Instead we concluded that the Court intended to limit searches pursuant to this evidence-gathering rationale to those cases in which the particular circumstances of the arrest in question supply reasonable articulable suspicion. *Id.* at 1057; *see generally* 3 Wayne R. LaFave, *Search and Seizure* § 7.1 (4th ed. Supp. 2011).

■ Unlike the trial court, we consider it unnecessary to determine whether arrests for possession of controlled substances in general, or the circumstances of this case in particular, would supply the police with *reasonable articulable suspicion* that the vehicle might contain more drugs because the trial court's findings of fact are sufficient to estab-

lish that the officers lacked *probable cause* to search the vehicle in any event. In the past, we have emphasized that probable cause is a common sense concept, objectively determined in the totality of the circumstances. *People v. Crippen,* 223 P.3d 114, 117 (Colo. 2010); *see also Illinois v. Gates,* 462 U.S. 213, 233, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *People v. Polander,* 41 P.3d 698, 703 (Colo.2001). It has often been characterized as a "fair probability" that items connected to a crime, whether they be contraband, instrumentalities, fruits, or even mere evidence of the crime, will be found at the time and place of a search. *See, e.g., Alabama v. White,* 496 U.S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990); *Polander,* 41 P.3d at 703. And while the findings of historical fact upon which probable cause depend are entitled to deference by a reviewing court, the ultimate determination of probable cause is a mixed question of fact and law, to be resolved de novo by the reviewing court. *Ornelas v. United States,* 517 U.S. 690, 696–99, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *see also People v. Matheny,* 46 P.3d 453, 459–61 (Colo.2002).

The People offer no specific evidential hypothesis from which a fair probability of more contraband could be inferred, and we can discern none. While being wrapped in a piece of paper might suggest that the driver's lone pill was not lawfully prescribed for him by a practitioner, *see* § 18–18–302(3)(c), C.R.S. (2011), the pill itself was clearly a prescription medication rather than contraband by its very nature. And whether lawful or not, possession of the single prescription pill in this case implied that the driver was the ultimate user and nothing more. *Cf. Wimberly v. Superior Court,* 16 Cal.3d 557, 128 Cal.Rptr. 641, 547 P.2d 417, 427 (1976)(small quantity of marijuana found in car indicative of personal use rather than distribution). As the People seem to acknowledge, nothing in the driver's possession of a single prescription pill of Xanax, standing alone, created a fair probability that he had more of the same, and even if so, that he would be transporting it in the vehicle he was illegally driving rather than carrying any other pills he might have in his pocket, along with the sole pill discovered by the police.

Even assuming some degree of articulable suspicion, however, it is difficult to explain how the nervousness of an underage driver, stopped while unlawfully possessing a prescription drug, and his claim to have had a prescription for that drug, could in any way strengthen the inference, much less elevate suspicion to a "fair probability," that more contraband would be found in the defendant's vehicle. The reactions of the driver in this case would have been just as naturally explained simply by his having been stopped while driving illegally, in unlawful possession. *See People v. Goessl,* 526 P.2d 664, 665, 186 Colo. 208, 211 (1974). Nothing suggested the passengers were aware that the driver was carrying contraband, much less that they themselves were also in possession or acting as his suppliers. In fact, the testifying officer conceded that he had no other reason to believe more drugs would be found in the vehicle.

Because we conclude that under these circumstances the officers lacked probable cause to search the passenger compartment of the defendant's vehicle for controlled substances, it is also unnecessary for us to opine on the circumstances in which probable cause to search a passenger compartment might justify a search of the vehicle's trunk. Unless or until the Supreme Court expands the scope of a search-incident-to-arrest, it remains the case that even a reasonable basis to believe more contraband might be found in the driver's vehicle could not justify a search of the vehicle's trunk pursuant to that doctrine; and in the absence of probable cause to conduct a full search of the vehicle in question, a search of its trunk, with or without a warrant, would be prohibited. While the precise contours of a search incident to the arrest of a recent occupant of a motor vehicle for drug possession may have yet to be fully worked out, little short of a bright-line rule permitting the search of an entire vehicle following the discovery of any amount or kind of drugs on a recent occupant could justify the search in this case.

### III.

Because the district court's findings of fact establish that the police lacked probable cause to search the defendant's vehicle, whether or not they would have been justi-

fied in searching the passenger compartment on less than probable cause, the district court's suppression order is affirmed.