GROSS, J.
We affirm the circuit court’s order granting the defendant’s motion to suppress because the arresting officer lacked probable cause to make an arrest despite finding one loose oxycodone pill in the defendant’s pocket during a consensual search performed after a traffic stop for a parking violation.
After witnessing Wallace Deaton improperly park his car, a detective conducted a traffic stop. The detective asked Deaton for his driver’s license and confirmed it “was good.” Deaton then “consented” to a search of his person, during which the detective found one 30 mg oxy-codone pill loose in the right coin pocket of his pants. Deaton explained that he had a prescription at home, but the detective arrested him on the spot.
Deaton moved to suppress the seizure of the pill, arguing that the detective lacked probable cause to make the warrantless arrest. The circuit court agreed and granted the motion, concluding that “there was nothing in and of itself in terms of the nature of the pill and how the pill was being carried on his person that gave [the detective] probable cause to arrest for the felony.”
“A law enforcement officer may arrest a person without a warrant when ... [a] felony has been committed and he or she reasonably believes that the person committed it.” § 901.15(2), Fla. Stat. (2011). The statute incorporates a probable cause standard, which exists “‘when the circumstances are sufficient to cause a reasonably cautious person to believe that *340 the person [arrested] is guilty of the offense charged.” Daniel v. Village of Royal Palm Beach, 889 So.2d 988, 990 (Fla. 4th DCA 2004) (quoting Mailly v. Jenne, 867 So.2d 1250, 1251 (Fla. 4th DCA 2004)) (alterations in original). “The facts constituting probable cause need not meet the standard of conclusiveness and probability required of the circumstantial facts upon which a conviction must be based.” Blue v. State, 837 So.2d 541, 546 (Fla. 4th DCA 2003).
Unlike a drug such as heroin, oxy-codone may be lawfully possessed with a prescription. See §§ 893.03(2)(a)l.o, 893.13(6)(a), Fla. Stat. (2011). Deaton’s possession of a single pill in his pocket implied that he “was the ultimate user and nothing more.” People v. Coates, 266 P.3d 397, 400 (Colo.2011). Possession of the lone pill did not create a “fair probability that he had more of the same.” Id. Likewise, nothing Deaton did prior to the stop was consistent with a person trying to buy or sell drugs on the street. When confronted by the detective, Deaton did not engage in guilty behavior by running away or dropping the pill on the roadway. As the circuit judge noted, it is not unusual for a traveler with a valid prescription to separate a pill from a prescription bottle for later consumption. Deaton’s possession of the single pill did not give rise to probable cause that he was committing a felony.
The State cites to State v. Casey, 908 So.2d 600 (Fla. 2d DCA 2005), but, that case is distinguishable. In Casey, an officer made a traffic stop, discovered that the driver had a suspended license, and arrested her. Id. at 601. A search of her purse revealed five loose oxycodone pills. Id. The officer then told the driver to empty her pockets, which turned up an additional 11 oxycodone pills. Id. At the time of the search of the purse and pockets, the driver in Casey was already under arrest and was subject to a search incident to an arrest. The number of pills and the way they were carried generated far more suspicion of criminal conduct than the lone pill in this case.

Affirmed.

DAMOORGIAN, J., and STONE BARRY J., Senior Judge, concur.