NORTHCUTT, Judge.
The State filed a petition asserting that R.A.S. was a delinquent child based on his possession of marijuana and drug paraphernalia. R.A.S. moved to suppress the incriminating evidence, but the court denied the motion. He then pleaded no contest to the charges, reserving his right to appeal the court’s ruling on the dispositive suppression issue. We reverse and remand for entry of a judgment of dismissal.
The delinquency allegation stemmed from R.A.S.’s encounter with a Hillsbor-ough County sheriffs deputy who was driving around R.A.S.’s neighborhood looking for him because he had been reported absent from school. The deputy located R.A.S. and asked him to come over to talk to him. R.A.S. told the deputy that he was on his way to school. The deputy offered to give him a ride, and R.A.S. accepted. The deputy then stepped out of his car and told R.A.S. to empty his pockets. R.A.S. emptied all except one back pocket. The deputy then asked if he could “do a weapons patdown” and R.A.S. agreed. The deputy patted the pocket that R.A.S. had failed to empty, and he felt a small “squishy bulge.” He asked what the pocket contained, and R.A.S. pulled out a plastic baggy containing a green, leafy substance.
The circuit court denied the motion to suppress on the theory that R.A.S. voluntarily produced the contraband after the deputy merely asked him what was in the pocket. However, R.A.S.’s disclosure of the contents of his pocket was tainted by an illegal search and seizure that occurred earlier in his encounter with the deputy.
Law enforcement may take a child into custody if the officer has reasonable grounds to believe the child is a truant. § 984.13(l)(b), Fla. Stat. (2012). But truancy is not a crime, and a custodial detention for this purpose is not an arrest. A.B.S. v. State, 51 So.3d 1181, 1182 (Fla. 2d DCA 2010); L.C. v. State, 23 So.3d 1215, 1218 (Fla. 3d DCA 2009). Therefore, the warrant requirement exception for searches incident to arrest did not apply in this situation. Cf. A.B.S., 51 So.3d at 1182.
It is also the case that an officer may conduct a pat-down for weapons before placing a truant in his vehicle, but he is not authorized to conduct a full search. See id.; L.C., 23 So.3d at 1219 (“Although we appreciate the concern of officer safety, we are aware of no case that stands for the proposition officers can search an individual without having performed a pat-down simply because the individual is being placed in a police vehicle.”); Op. Att’y Gen. Fla. 11-08 (2011) (stating that when an officer has taken a juvenile into custody pursuant to section 984.13, the officer “may perform a limited frisk or pat-down for weapons before placing the minor in a law enforcement vehicle”).
By directing R.A.S. to empty his pockets, the deputy essentially conducted an unauthorized full search. Cf. E.B. v. State, 866 So.2d 200, 203 (Fla. 2d DCA 2004) (citing Sanders v. State, 732 So.2d 20, 21 (Fla. 1st DCA 1999), for the proposition that a pat-down does not include a search into a detainee’s pockets). Ordering someone to remove items from his pockets has the same legal effect as an officer actually reaching into the pockets to search. Sanders, 732 So.2d at 21. The deputy did not have a reason to think that R.A.S. was carrying a weapon or contraband. Thus, the initial search had no legal basis.
When R.A.S. did not remove the contents of his back pocket, the deputy asked for and obtained the youth’s consent to conduct a pat-down search of that pocket. But the illegal search had already *690 tainted his consent and rendered any evidence discovered as “fruit of the poisonous tree.” See Grant v. State, 978 So.2d 862, 863 (Fla. 2d DCA 2008) (citing Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)).
We recognize that, at the outset, the deputy properly could have conducted a pat-down for weapons instead of the illegal search. But he did not feel an object that remotely resembled a weapon in R.A.S.’s back pocket. As the L.C. court explained, when law enforcement is arresting a criminal suspect, the officer may conduct a warrantless search incident to that arrest in order to disarm a suspect before taking him into custody “and to preserve evidence for trial.” 23 So.3d at 1218. But when taking a truant into custody, the only concern is for officer safety — no crime has been committed and, accordingly, there is no need to preserve evidence of a crime. The deputy here knew that the “squishy object” in R.A.S.’s pocket was not a weapon. Therefore, he had no legal basis for questioning R.A.S. further about the contents of the pocket. R.A.S.’s production of the contraband was a direct consequence of the initial illegal search and seizure, and there was no “unequivocal break” in the chain of illegality. See Grant, 978 So.2d at 864; J.R.H. v. State, 428 So.2d 786, 788 (Fla. 2d DCA 1983).
We reverse the denial of the motion to suppress and remand for the court to enter a judgment of dismissal.
CASANUEVA and VILLANTI, JJ., concur.